**JAMES PAZOS, Esq (State Bar No. 163609)**
**jpazos@pazoslawfirm.com**
**PAZOS LAW FIRM, A Prof. Law Corp.**
**1801 Century Park East, 24th Floor**
**Los Angeles, California 90067**
**Telephone: (310) 556-1010**

**CRAIG R. SMITH (State Bar No. 180338)**
**csmith@smithlf.com**
**SMITH LAW FIRM**
**A Professional Law Corporation**
**21550 Oxnard Street, Suite 760**
**Woodland Hills, California 91367**
**Telephone: (818) 703-6057**

Attorneys of Plaintiff Syed Husain on behalf of himself and all other similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYED HUSAIN, an individual and on behalf of all other similarly situated individuals<br><br>Plaintiff,<br><br>vs.<br><br>CAMPBELL SOUP COMPANY,<br><br>Defendant. | **CASE NO.: 3:24-cv-01776**<br><br>**AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**1) Unfair Competition Law, Business and Professions Code § 17200;**<br><br>**2) False Advertising Law, Business and Professions Code § 17500;**<br><br>**3) Consumers Legal Remedies Act - Cal. Civ. Code §1750** |

COMES NOW Plaintiff, SYED HUSAIN on behalf of himself and all other persons similarly situated, hereby complains against Defendant, CAMPBELL SOUP COMPANY, a New Jersey corporation and on information and belief allege as follows:

Plaintiffs SYED HUSAIN ("Plaintiff"), by his undersigned attorneys alleges upon information and belief, except for allegations pertaining to Plaintiff, which are based on personal knowledge:

## INTRODUCTION

1. Defendant, CAMPBELL SOUP COMPANY ("Defendant") manufactures, markets, distributes, and sells "potato chips" under the "Kettle Brand" name. Amongst the different types of potato chips sold by Defendant, Defendant manufactures, markets, distributes, and sells potato chips which prominently state "Air Fried" in large type on the labels. (hereinafter referred to as the "Product")

2. The Product is sold to consumers in individual bags from brick-and-mortar and online stores by third-parties. All such Products represent that the Product is "Air Fried."

3. Plaintiff, like many other consumers, interprets the "Air Fried" representation to mean that the Product is cooked by means of an air fryer which cooks food using a fan to rapidly circulate convection currents (i.e., air).

4. As such, consumers interpret "Air Fried" to mean that the potato chips are not fried in a vat of oil.

5. The phrase "Air Fried" is false and misleading as the potato chips that make up the Product are cooked by frying them in a vat of oil.

6. Plaintiff now brings this action to stop Defendant's misrepresentation and recover the monies they paid for the Products as a result of the misrepresentation, as well as statutory damages and the other relief detailed below.

## BACKGROUND ON KETTLE BRAND POTATO CHIPS

7. Dictionary.com defines "air frying" as "a method of food preparation in which the ingredients are enclosed in a type of small convection oven and cooked, with little or no oil, by the circulation of hot air, which for certain foods results in a crispy surface, **as if they had been deep-fried**." (Emphasis added).

8. Merriam-Webster defines "air fryer" as "an airtight, usually small electrical appliance for quick cooking of foods by means of convection currents circulated rapidly by a fan."

9. Medical studies have suggested that foods fried in oil may increase the risk of some cancers. See **https://pubmed.ncbi.nlm.nih.gov/32745572/**

**DEFENDANT'S FALSE AND MISLEADING "AIR FRIED" REPRESENTATIONS**

10. Defendant prominently makes the claim "AIR FRIED" in a large font, on the front label panel of the Products, in an effort to promote the sale of the Product by suggesting that the Product is not fried in oil like traditional potato chips and that it therefore avoids the unhealthy effects of using the oil frying cooking method traditionally used to cook commercial potato chips.




11. Plaintiff is informed and believes that consumers interpret the "Air Fried" representation to mean that the Product is cooked completely in an air fryer, which uses circulating convection currents to cook the Product.

12. The "Air Fried" representation on the Product label is false and misleading in that the Product is cooked by means of an oil fryer, a method typically used to cook traditional potato chips. As demonstrated by the photo above, the false representation on the label has led retailers to repeat the false representation on the "in-store" advertising.

13. As a result of the "Air Fried" representation, its predominant position on the label and the size of the "Air Fried" font, consumers purchase the Product believing that the Product is not oil fried in vats, but is completely cooked by means of rapidly circulating convection currents in air.

14. The phrase on the front label and on the back label, "Kettle Cooked Air Finished" does not remedy the deceptive nature of the "Air Fried" representation. First, the phrase "Kettle Cooked" is false. The Product is not cooked in "kettles," as admitted by at least one representative of Defendant. Second, the phrase "Kettle Cooked" -- even if it had been true -- implies the use of steam, rather than oil, since kettles are commonly associated with boiling water. (See e.g. Cambridge Academic Content Dictionary). Third, the phrase is in orders of magnitude smaller than the "Air Fried" representation. Finally, the phrase is, at best, ambiguous since "Kettle" is the brand name, leaving reasonable consumers to interpret the phrase is as a marketing jingle.

**CONSUMERS HAVE BEEN INJURED**

15. As a result of the Products false and misleading label, consumers are injured by purchasing a product that the consumer would not have otherwise purchased and/or by paying more to purchase the Kettle Brand product as opposed to other less expensive brands. Plaintiff believes and based thereon alleges that some consumers are also injured by purchasing a product that they believe is not oil fried, thereby eliminating the risk of cancer potentially associated with foods deep fried in oil.

**JURISDICTION AND VENUE**

16. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

17. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

18. This court has personal jurisdiction over Defendant because it conducts and transacts business within California and contracts to supply goods within California.

19. Venue is proper because Plaintiff and many class members reside in this District and Defendant does business in this District and in California.

20. A substantial part of events and omissions giving rise to the claims occurred in this District.

## PARTIES

21. Plaintiff SYED HUSSAIN is a resident of the City of Burlingame, County of San Mateo, California. Plaintiff purchased Defendant's Product from a retailer in California in November 2023.

22. On the date he first purchased the Product, Plaintiff was looking for a healthy snack for his girlfriend, knowing that she was very health conscious. In this process, Plaintiff saw the Product's label, which stated "Air Fried" and purchased the Product believing that the Product cooked by means of an air fryer; that is, a potato chip cooked completely by convection currents in air and that it was not fried in a vat of oil.

23. Plaintiff relied on the "Air Fried" label in purchasing the Product. Had Plaintiff known the truth - that the "Air Fried" representation relied upon in making the purchase was false, misleading, or deceptive and that the Product was actually fried in a vat of oil, Plaintiff would not have purchased the Product. If the Product were reformulated such that the potato chips were completely cooked in an air fryer, Plaintiff would purchase the Product again in the future. Plaintiff brings this claim seeking disgorgement of the purchase price or, alternatively, disgorgement of profits, (actual and statutory), as well as injunctive relief.

24. Defendant CAMPBELL SOUP COMPANY is a New Jersey corporation with a principal place of business in Camden, New Jersey.

## RULE 9(b) ALLEGATIONS

25. Federal Rules of Civil Procedure ("Rule") 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b). To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity:

26. Defendant made material misrepresentations and omissions of fact in the labeling of the Product.

27. Defendant made material misrepresentations and omissions by affixing the "Air Fried" representation on the Product labels in order to lead consumers to believe that the Products were cooked by means of circulating convection currents of air (i.e., air fried), and not fried in a vat of oil. This is false and misleading because the Product is cooked exclusively by means of an oil fryer.

28. Defendant made the material misrepresentations and omissions detailed herein continuously throughout the Class Period.

29. Defendant's material misrepresentations and omissions were made, *inter alia,* on the labeling and packaging of the Product.

30. Defendant made written misrepresentations on the labeling and packaging of the Products.

31. Defendant also made false and misleading statements in media advertising which exacerbates the false and misleading statements on the Product labels. In one ad, Defendant depicts a giant air fryer and loudly proclaims "WE'VE GOT AN AIR FRYER!" to mislead consumers into believing that large air fryers are used to cook the product.




32. Defendant engaged in the material misrepresentations detailed herein for the express purpose of inducing Plaintiff and other reasonable consumers to purchase and/or pay a premium for Defendant's Product. Defendant profited by selling the products to tens of thousands of unsuspecting California consumers and secured the purchase price from such consumers which it otherwise would not have secured but for the misrepresentations.

**CLASS ALLEGATIONS**

33. Plaintiff brings this action individually and on behalf of the following Class pursuant to Rule 23(a) and 23(b)(2) and (3) of the Federal Rules of Civil Procedure: All persons who purchased any of Defendant's Products bearing from on or about February 15, 2023, to the date of class certification ("the Class"). Excluded from the Class are officers and directors of the Defendant, members of the immediate families of the officers and Defendant's directors, its legal representatives, heirs, successors or assigns and any entity in which they have or have had a controlling interest.

34. This action is brought and may properly be maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23. This action satisfies the numerosity, typicality, adequacy, predominance, and superiority requirements of those provisions. The Class is so numerous that the individual joinder of all of

its members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff believes that the total number of Class members is in the tens of thousands and that members of the Class are geographically dispersed across California. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.

35. Common questions of law and fact exist as to all members of the Class, and these common questions predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any Class member include, but are not limited to, the following:

(a) Whether Defendant labeled, marketed, advertised and/or sold the Products to Plaintiff and those similarly situated using false, misleading and/or deceptive statements or representations;

(b) Whether Defendant misrepresented material facts in connection with the sales of its Products;

(c) Whether Defendant participated in and pursued the common course of conduct complained of herein; and

(d) Whether Defendant's labeling of its Products with the representation "Air Fried" constitute an unfair or deceptive consumer sales practice.

36. Plaintiff's claims are typical of those of the Class because Plaintiff, like all members of the Class, purchased a Product bearing the "Air Fried" representation on the labels in a typical consumer setting and sustained damages from Defendant's wrongful conduct.

37. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel who are experienced in litigating complex class actions. Plaintiff has no interests that conflict with those of the Class.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Individual joinder of all members of the Class is impracticable. Even if individual members of the Class had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the Class. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

39. This action is maintainable as a class action under Federal Rules of Civil Procedure Rules Rule 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief respecting the class as a whole.

40. This action is maintainable as a class action under Federal Rules of Civil Procedure, Rule 23(b)(3) because the common questions of law and fact identified above, without limitation, predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**(Unfair Competition Law, Business and Professions Code § 17200, et seq.)**

**On Behalf of Plaintiff and the Class**

41. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

42. As set forth above, the "Air Fried" labeling is false, deceptive and misleading, causing consumers to believe that Defendant's Product was cooked exclusively by circulated convection currents in air (i.e., air fried), and therefore not fried in a vat of oil, when, in fact, that was not true.

43. Defendant designed the false, misleading and deceptive "Air Fried" label with the intent to sell, distribute and increase the consumption of its Product and with the intend to mislead the consumer regarding the cooking method used for the Product.

44. Defendant's violation constitutes unlawful, unfair, and/or fraudulent business acts and practices, which caused Plaintiff and Class members to suffer pecuniary loss. Specifically, Defendant's false, deceptive and misleading "Air Frier" label caused consumers to purchase Defendant's Products, believing that it was cooked exclusively by means of circulating convection currents in air (and not oil fried) when in fact it was cooked by the oil frying method.

45. In this regard, Defendant's manufacturing, marketing, advertising, packaging, labeling, distributing and selling products bearing the "Air Fried" label violates California's Business and Professions Code.

46. The business acts and practices alleged above are unlawful under the Consumers Legal Remedy Act, California Civil Code §1750, et seq. ("CLRA"), which forbids deceptive advertising.

47. The business acts and practices alleged above are unlawful under California Business and Professions Code §17200, *et seq*. by virtue of violating

section 17500, *et seq*., which forbids untrue advertising and misleading advertising.

48. As a result of the business acts practices described above, Plaintiff and the Class, pursuant to California Business and Professions Code § 17203, are entitled to an order enjoining such future conduct on the part of the Defendant and such other orders and judgments which may be necessary to disgorge Defendant's profits and to restore to any person in interest any money paid for products bearing the "Air Fried" label as a result of the wrongful conduct of the Defendant.

49. The above-described unlawful business acts and practices of the Defendant present a threat and reasonable likelihood of deception to Plaintiff and members of the Class in that Defendant has systematically perpetrated and continues to perpetrate such acts or practices upon members of the Class by means of its misleading manufacturing, marketing, advertising, packaging, labeling, distributing and selling of products bearing the "Air Fried" label.

50. Plaintiff and members of the Class also are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to *Code of Civil Procedure* Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

51. THEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

**(False Advertising Law, Business and Professions Code § 17500, et seq.)**

**On Behalf of Plaintiff and the Class**

52. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

53. Plaintiff asserts this cause of action against Defendant for violations of California Business and Professions Code §17500, et seq. for misleading, deceptive and untrue advertising.

54. At all material times, the Defendant engaged in a scheme of offering its products bearing "Air Fried" label for sale to Plaintiff and other members of the Class by way of, *inter alia*, commercial marketing and advertising, product packaging and labeling and other promotional materials. These materials misrepresented and/or omitted the true nature and quality of "Air Fried" Products. Said advertisements and inducements were made within the State of California and come within the definition of advertising as contained in California Business and Professions Code §17500, et seq., in that such promotional materials were intended as inducements to purchase products bearing the "Air Fried" labels and are statements disseminated by the Defendant to Plaintiff and the Class and were intended to reach members of the Class. Defendant knew, or in the exercise of reasonable care should have known, that these statements were false, misleading and deceptive.

55. In furtherance of said plan and scheme, Defendant has prepared and distributed within the State of California via commercial marketing and advertising, product packaging and labeling, and other promotional materials, statements that misleadingly and deceptively represent that the Product was cooked exclusively in an Air Fryer when, in fact, that was not true. Consumers, including Plaintiff, necessarily and reasonably relied on these materials, believing the Products bearing the "Air Fried" label had been cooked in an Air Fryer - which, is untrue as the Products were cooked in oil fryers. Consumers, including Plaintiff and the Class, were among the intended targets of such representations.

56. The above acts of the Defendant, in disseminating said misleading and deceptive statements throughout the State of California to consumers, including Plaintiff and members of the Class, were and are likely to deceive reasonable consumers, including Plaintiff and other members of the Class, by obfuscating the true nature and quality of the Products, all in violation of the "misleading prong" and "untrue prong" of California Business and Professions Code §17500.

57.. As a result of the above violations of the "misleading prong" and "untrue prong" of California Business and Professions Code §17500, *et seq*., Defendant has been unjustly enriched at the expense of Plaintiff and the other members of the Class. Plaintiff and the Class, pursuant to Business and Professions Code § 17535, are entitled to an order of this Court enjoining such future conduct on the part of the Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's profits and restore to any person in interest any money paid for products bearing the "Air Fried" label as a result of the wrongful conduct of the Defendant.

58. Plaintiff and members of the Class also are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to California Code of Civil Procedure §1021.5, the substantial benefit doctrine and/or the common fund doctrine.

59. THEREFORE, Plaintiff prays for relief as set forth below.

**THIRD CAUSE OF ACTION**

**(Consumers Legal Remedies Act - Cal. Civ. Code §1750, et seq.)**

**On Behalf of Plaintiff and the Class**

**(Injunctive Relief Only)**

60. Plaintiff realleges and incorporates by reference the paragraphs stated above in this Class Action Complaint as set forth herein.

61. This cause of action is brought pursuant to the CLRA, Cal. Civ. Code §1750, et seq.

62. Defendant's actions, representations and conduct have violated and continue to violate the CLRA, as they extend to transactions that are intended to result, or which have resulted, in the sale of lease of goods or services to consumers.

63. Plaintiff and other Class Members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code §1761(d).

64. The products bearing the "Air Fried" label that Plaintiff and other members of the Class purchased from Defendant were "goods" within the meaning of Cal. Civ. Code §1761(a).

65. By engaging in the actions, misrepresentations and misconduct set forth in this Class Action Complaint, Defendant has violated, and continues to violate Section 1770(a)(2), which prohibits representing that goods have a particular composition or contents that they do not have;

66. By engaging in the actions, misrepresentations and misconduct set forth in this Class Action Complaint, Defendant has violated, and continues to violate Section 1770(a)(5), which prohibits representing that goods have characteristics, uses, benefits or ingredients that they do not have;

67. By engaging in the actions, misrepresentations and misconduct set forth in this Class Action Complaint, Defendant has violated, and continues to violate, §1770(a)(7) of the CLRA. Specifically, in violation of Cal. Civ. Code § 1770(a)(7), Defendant's acts and practices constitute unfair methods of competition and unfair or fraudulent acts or practices in that they misrepresent the particular standard, quality or grade of the goods.

68. By engaging in the actions, misrepresentations and misconduct set forth in this Class Action Complaint, Defendant has violated, and continues to violate, §1770(a)(16) of the CLRA. Specifically, in violation of Cal. Civ. Code §1770(a)(16), Defendant's acts and practices constitute unfair methods of competition and unfair or fraudulent acts or practices in that they represent that a subject of a transaction has been supplied in accordance with a previous representation when they have not.

69. Plaintiff requests that this Court enjoin the Defendant from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to Cal. Civ. Code §1780. If Defendant is not restrained from engaging in these types of

practices in the future, Plaintiff and other members of the Class will continue to suffer harm.

70. Plaintiff only seeks injunctive relief at this point for violation of the CLRA. Plaintiff will provide Defendant with preliminary notice of this lawsuit and provided Defendant with an opportunity to cure the conduct alleged herein at least thirty days prior to filing this lawsuit in accordance with Cal. Civ. Code § 1782. If Defendant refuses to correct or remedy the unlawful conduct and continue to engage therein after receiving such notice, Plaintiff will amend to also seeks damages pursuant Cal. Civ. Code § 1780(a)(1).

71. Plaintiff and members of the Class also are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

72. THEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff prays for judgment as follows:

1. Certification of the Class, certifying Plaintiff as representative of the Class, and designating Plaintiff's counsel as counsel for the Class;

2. A declaration that Defendant has committed the violations alleged herein;

3. For restitution and disgorgement pursuant to, without limitation, the California Business & Professions Code §§ 17200, et seq. and 17500, et seq;

4. For declaratory and injunctive relief pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq*. and 17500, *et seq*.;

5. For only declaratory and injunctive relief pursuant to California Civil Code § 1780 (though Plaintiff will amend to seek damages if Defendant does not comply with the CLRA notice to be provided pursuant to California Civil Code § 1782);

6. An award of compensatory damages, the amount of which is to be determined at trial;

7. For punitive damages;

8. For interest at the legal rate on the foregoing sums;

9. For attorneys' fees pursuant to California Code Civil Procedure §1021.5 and the Common Fund doctrine.

10. For costs of suit incurred; and

11. For such further relief as this Court may deem just and proper.

Dated: April 4, 2024

PAZOS LAW FIRM
A Professional Law Corporation

By *James Pazos*
James Pazos
Attorneys for Plaintiff
Syed HUSAIN

Dated: April 4, 2024

SMITH LAW FIRM
A Professional Law Corporation

By *Craig R. Smith*
Craig R. Smith
Attorneys for Plaintiff
Syed HUSAIN

**JURY TRIAL DEMANDED**

Pursuant to Federal Rules of Civil Procedure, Rule 38(a), Plaintiff hereby demands a trial by jury of all claims and causes of action in this lawsuit to the extent permitted by law.

Dated: April 4, 2024

PAZOS LAW FIRM
A Professional Law Corporation

By *James Pazos*
James Pazos
Attorneys for Plaintiff
Syed HUSSAIN

Dated: April 4, 2024

SMITH LAW FIRM
A Professional Law Corporation

By *Craig R. Smith*
Craig R. Smith
Attorneys for Plaintiff
Syed HUSSAIN