IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED HUSAIN,<br><br>    Plaintiff,<br><br>    v.<br><br>CAMPBELL SOUP COMPANY,<br><br>    Defendant. | Case No. 24-cv-01776-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

    Plaintiff Syed Husain brings this putative class action against Defendant Campbell Soup Company alleging that Defendant deceptively labels and advertises its Kettle Brand Air Fried potato chips (the "Product") as being air fried when the chips are actually cooked in oil. See Am. Compl. (dkt. 3) ¶ 3–5. Defendant moves to dismiss Plaintiff's amended complaint. Mot. (dkt. 23).

    Because the front label discloses that the Product is kettle cooked, Plaintiff's case, too, is fried. The Court GRANTS the motion to dismiss.

**I.    BACKGROUND**

    Defendant Campbell Soup Company manufactures, markets, distributes, and sells potato chips under the "Kettle Brand" name, including some labeled as "Air Fried" (the "Product"). Am. Compl. ¶ 1. Plaintiff Syed Husain, a resident of California, purchased the Product from a California retailer in November 2023. Id. ¶ 21. Plaintiff alleges that he was looking for a "healthy snack" for his health-conscious girlfriend and purchased the Product based on the "Air Fried" representation on the front label. Id. ¶ 22. Relying on the "Air Fried" label—including its "predominant position" and the size of the font—Plaintiff believed the chips were "cooked by means of an air fryer; that is . . . cooked

1  completely by convection currents in air and that it was not fried in a vat of oil." Id.

2  However, Plaintiff alleges that the Product is actually "cooked by means of an oil

3  fryer, a method typically used to cook traditional potato chips," and that the "Air Fried"

4  label is therefore false and misleading. Id. ¶ 12–13. Although the label states that the

5  Product is "Kettle Cooked Air Finished," Plaintiff alleges that this does not clarify "the

6  deceptive nature of the 'Air Fried' representation." Id. ¶ 14. That is because, according to

7  Plaintiff, "kettle cooked" "implies the use of steam, rather than oil." Id. Additionally, the

8  phrase is "in order of magnitude smaller than the 'Air Fried' representation" and would, at

9  best, leave reasonable consumers "to interpret the phrase as a marketing jingle." Id. The

10  Product's front and back labels are pictured below.

 

See id. ¶ 10; Mot. at 1–2. Had Plaintiff known the truth—that the Product was "actually fried in a vat of oil"—he alleges that he would not have purchased the Product. Am. Compl. ¶ 23.

Plaintiff, individually and on behalf of people who purchased the Product between February 15, 2023 and the date of class certification, sues Defendant asserting claims

under California's: (1) Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (2) False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq.; and (3) Consumers Legal Remedies Act (CLRA), Cal. Civ. Code §§ 1750 et seq. Defendant moves to dismiss Plaintiff's amended complaint on several grounds, including that Plaintiff lacks Article III standing and fails to plausibly allege consumer deception under Rule 12(b)(6). See Mot. at 5–8. That motion is now fully briefed. See Opp'n (dkt. 27); Reply (dkt. 29). The Court heard argument on August 30, 2024. See Minute Entry (dkt. 31).

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when a court lacks subject matter jurisdiction due to a plaintiff's lack of Article III standing. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); see Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011). To establish Article III standing, a plaintiff must satisfy three "irreducible constitutional minimum" requirements: (1) he suffered an "injury in fact," meaning a concrete and particularized injury that is actual or imminent; (2) the injury must be causally related to the defendant's challenged actions; and (3) it must be "likely" that the injury will be "redressed by a favorable court decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). The plaintiff, as the party invoking federal jurisdiction, has the burden of establishing these elements. Id. at 561.

Where a plaintiff asserts his claims on behalf of a class, he still must allege that he personally suffered an injury. See Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class."); see also Simon v. E. Kentucky Welfare Rights Org., 426 U.S. 26, 40, n.20 (1976).

### B. Rule 12(b)(6)

A complaint should be dismissed under Rule 12(b)(6) if it lacks sufficient facts to

3

1  "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks and citations omitted). A claim is facially plausible when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In considering a motion to dismiss, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Dismissal under Rule 12(b)(6) is proper when the complaint "lacks a cognizable legal theory" or "fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

### C.   Leave to Amend

If a court dismisses a complaint, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts have discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## III.   DISCUSSION

The Court first addresses standing, concluding that Plaintiff sufficiently alleges an injury-in-fact. The Court then turns to the merits and concludes that Plaintiff fails to plausibly allege that reasonable consumers would be deceived by the Product's labels.

### A. Article III Standing

"The question of whether a party has standing to sue under Article III is a threshold issue that must be addressed before turning to the merits of a case." Shulman v. Kaplan, 58 F.4th 404, 407 (9th Cir. 2023) (citing Horne v. Flores, 557 U.S. 433, 445 (2009)).

Defendant argues that Plaintiff does not adequately allege an injury-in-fact—and therefore lacks standing—because he does not establish that the "Air Fried" representation resulted in an economic injury. See Mot. 9–10. Plaintiff does allege that he would not have purchased the Product had he known it was not exclusively air fried, see Am. Compl. ¶ 23, but Defendant contends this is insufficient to convey standing because Plaintiff's subjective expectations about the Product being exclusively air fried "are contradicted by the available, objective information on the label," Mot. at 9–10. According to Defendant, Plaintiff therefore was not deprived of the benefit of the bargain because he got "exactly what he bargained for." Id.

Defendant mistakenly conflates Article III standing with a failure to state a claim on the merits. Its argument is that Plaintiff suffered no injury because the "Air Fried" representation was not misleading in light of "available, objective information on the label"—but whether the Product's label is plausibly deceptive is the central issue in determining whether Plaintiff has a viable claim. See Section III.B, supra. Defendant's reliance on McGee v. S-L Snacks Nat'l, 982 F.3d 700 (9th Cir. 2020) for its proposition that this is a standing issue is inapposite. There, the plaintiff failed to allege that the defendant "made any representations" about the product's safety, and therefore, plaintiff's assumptions that the product contained only safe and healthy ingredients "were not included in the bargain." Id. at 706 (emphasis added). The Ninth Circuit explained that "[a]bsent some allegation that [the company] made false representations about [the product's] safety," the plaintiff fails to establish injury-in-fact. Id. The difference in this case is that Plaintiff does allege that Defendant made a false representation—that the Product was exclusively air fried—and that he would not have purchased the Product had he known it was false. See Am. Compl. ¶ 23.

"The 'injury-in-fact' analysis is not intended to be duplicative of the analysis of the substantive merits of the claim." See Haskins v. Symantec Corp., No. 13-CV-01834-JST, 2013 WL 4516179, at *3 (N.D. Cal. Aug. 23, 2013). Because Plaintiff alleges that that there was a false representation on the Product's label, and that he would not have bought the Product had he known the representation was false, he has sufficiently established injury-in-fact. Am. Compl. ¶ 23. Whether or not this representation is actually false or misleading is a question left for the merits, which the Court turns to now.

### B. Failure to State a Claim

A plaintiff bringing false labeling claims under California consumer protection laws must plausibly allege "members of the public are likely to be deceived." Ebner v. Fresh, Inc., 838 F.3d 958, 965 (9th Cir. 2016). This "reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." Id. (cleaned up). "The touchstone under the 'reasonable consumer' test is whether the product labeling and ads promoting the products have a meaningful capacity to deceive consumers." McGinity, 69 F.4th at 1097. "A plaintiff's unreasonable assumptions about a product's label will not suffice." Moore v. Trader Joe's Co., 4 F.4th 874, 882 (9th Cir. 2021).

In McGinity, the Ninth Circuit held that a front label's ambiguity can be resolved on a motion to dismiss by reference to the back label. 69 F.4th at 1099. "[T]he front label must be unambiguously deceptive for a defendant to be precluded from insisting that the back label be considered together with the front label." Id. at 1098. If the front label is ambiguous, a court can consider the product's entire label, including the side and the back, to determine whether a reasonable consumer would be deceived. Id. at 1099.

#### 1. Front Label

The Court begins by looking at the Product's front label.[1] Far from being

---

[1] The Court takes judicial notice of the of the entirety of the Product's labeling because it is incorporated by reference and relied upon in the amended complaint. See Knievel v. ESPN, 393 F.3d 1068, 1076-77 (9th Cir. 2005). Plaintiff does not dispute that taking judicial notice of the labeling is appropriate here.

unambiguously deceptive—which not even Plaintiff contends—the Court concludes that the front label is not deceptive at all. At best for Plaintiff, the front label is ambiguous and permits the Court to consider the Product's entire label.

Plaintiff's principal argument is that the Product's label is misleading because of the "Air Fried" representation on the front label, which suggests that the Product is "entirely" cooked by an air fryer and not cooked in oil. But while the label does state that the Product is "Air Fried," immediately below that representation—in the same text box—is the statement that the Product is "Kettle Cooked Air Finished." Given this additional representation, the Court does not find it plausible that reasonable consumers would be deceived into thinking that the Product is "entirely" air fried. The sentence "Kettle Cooked Air Finished" conveys that there are multiple steps in the Product's cooking process: first kettles, and then air.[2] See Moore, 4 F.4th at 882–83 (explaining that consumers use "contextual inferences regarding the product itself"). And contrary to Plaintiff's assertion, nothing about the "Air Fried" label plausibly suggests that the Product is exclusively air fried. For example, it does not include the phrase "completely air fried," or "100% air fried," or the like. Nor does Plaintiff's definition of "air fried" support his position; while the definition explains how air frying works, it does not suggest that a product cannot be cooked using both kettles and an air fryer. See Am Compl. ¶ 7.

Plaintiff offers several responses. First, he alleges that the additional representation that the Product is "kettle cooked" "implies the use of steam, rather than oil." Id. ¶ 14. But while the Court must accept factual allegations made by Plaintiff, the Court is not required to accept as true "unwarranted deductions of fact." In re Gilead Scis. Sec. Litig., 536 F.3d at 1055. And a consumer's "unreasonable assumptions" about a product's label do not suffice to state a plausible claim under California's consumer protection laws. Moore, 4 F.4th at 882. The Court concludes that Plaintiff's allegation that consumers

---

[2] There is no reason to believe that the Product is not air fried during the cooking process. To the contrary, the front label states that the Product has "30% less fat than regular Kettle Brand" chips, which suggests that the air frying has an effect.

7

would interpret "kettle cooked" potato chips as being cooked in water and steam is just that, an unreasonable assumption. In fact, Plaintiff admitted at the hearing that a reasonable consumer would expect potato chips labeled as "kettle cooked" to be cooked in oil. The Court agrees: Reasonable consumers would interpret the Product's use of "kettle cooked" according to its commonly understood meaning—that is, a traditional method of cooking potato chips in kettles with oil.[3]

Plaintiff cites a dictionary definition of "kettle" to support his argument that a reasonable consumer would understand this representation to mean that the Product was cooked in kettles with water (rather than oil), Am. Compl. ¶ 14, but at best this makes the front label ambiguous, and means that the Court need consider the Product's entire label. See McGinty, 69 F.4th at 1099. Plaintiff also argues that the phrase is "in order of magnitude smaller than the 'Air Fried' representation," but while true, the Court concludes that it is not so small that reasonable consumers would plausibly miss it and rely solely on the text directly above it. Finally, Plaintiff argues that reasonable consumers would "interpret the phrase as a marketing jingle" because the brand name includes "Kettle." Am. Compl. ¶ 14. But the Court does not see why it being a "marketing jingle" would have any bearing on whether it was deceptive or not. Regardless, Plaintiff admits that it being a "marketing jingle" would make it ambiguous and therefore permit the Court to consider the entire label. Id.

The Court concludes that the representations on the Product's front label are not plausibly false or misleading. To the contrary, the front label explicitly states the Product is "kettle cooked" before it is "air finished," which conveys that it is not exclusively air fried and is cooked with oil. At best for Plaintiff—and what Plaintiff argued at the

---

[3] Plaintiff makes much of a video in which an employee of the Kettle company (not Defendant) says that their chips are no longer cooked in actual kettles but that the cooking method has otherwise remained the same. See Resp. (dkt. 27) at 7 n.1. The Court struggles to see why this video supports Plaintiff's allegations. Plaintiff does not allege that the Product's label is misleading because it represents that the chips are cooked in kettles. Meanwhile, the video highlights that the use of oil is a core part of the "kettle cooking" method.

8

hearing—the front label is ambiguous as to what "kettle cooked" means, and therefore the Court can analyze Product's entire packaging to determine whether additional information resolves the ambiguity. See Moore, 4 F.4th at 882–85. The Court analyzes the rest of the packaging below.

### 2. Back Label

Even if the front label is ambiguous as to what "kettle cooked" means, the Product's back label resolves any ambiguity in Defendant's favor. First, there is a diagram on the back of the Product that illustrates how the Product is cooked. The top of the diagram states that Defendant starts by "batch cook[ing]" the chips "in kettles." Next to this statement is a drawing of a kettle filled with liquid (not steam) and with visible droplets. And below this drawing is the representation that Defendants "then air fry [the chips] for a light and crispy crunch." Upon reading the back label, it would be clear to a reasonable consumer that the cooking process for the Product involves two steps—first, cooking in kettles and then air frying—and thus, that it is not exclusively air fried. Moreover, the diagram's use of splattered droplets by the kettle further connotes that "kettle cooked" is being used according to its commonly understood meaning: cooked with oil.

Finally, even if the diagram did not clarify for a reasonable consumer what "kettle cooked" means, the ingredients list resolves any remaining ambiguity. Cf. McGinity, 69 F.4th at 1099 (concluding that the ingredients list clarified the ambiguity on the front label). Here, the second ingredient on the Product's list, after potatoes, is "vegetable oils (canola, sunflower, and/or safflower)." It is not plausible that reasonable consumers would be deceived into thinking the Product is cooked "exclusively" by air frying and without any oil when the diagram and ingredients list on the Product plainly depict otherwise.[4] Therefore, even if the Product's front label is ambiguous, it is not plausible that the

---

[4] Plaintiff contends that whether a reasonable consumer would be deceived is "generally a question of fact not amenable to determination on a motion to dismiss." Opp'n at 4. But plausibility is a question of law for the Court, and several courts have decided the issue of plausible consumer deception at the motion to dismiss stage. See Steinberg v. Icelandic Provisions, Inc., No. 22-15287, 2023 WL 3918257, at *1 (9th Cir. June 9, 2023) (affirming dismissal of plaintiff's claims where the product's back label resolved the front label's

Product's full packaging is likely to deceive reasonable consumers.

Because it is not plausible that reasonable members of the public are likely to be deceived by the Product's labeling, Plaintiff fails to state a claim under either the UCL, FAL, or CLRA. See Ebner, 838 F.3d at 965. Accordingly, Plaintiff's amended complaint should be dismissed under Rule 12(b)(6).[5]

### C. Leave to Amend

After careful consideration of the Product's packaging, the Court is convinced that it is not plausibly deceiving to reasonable consumers. Because Plaintiff cannot allege additional facts that will change the representations included on the Product's labels, any amendment would be futile. See Leadsinger, 512 F.3d at 532. Therefore, the Court denies leave to amend.

### IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiff's complaint WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: September 2, 2024

CHARLES R. BREYER
United States District Judge

---

ambiguity); see also Kim v. Bluetriton Brands, Inc., No. 22-56063, 2024 WL 243343, at *1 (9th Cir. Jan. 23, 2024) (affirming dismissal of plaintiff's claims where the product's back label clarified the allegedly misleading front label).

[5] Given that Plaintiff's amended complaint should be dismissed for failure to state a claim, the Court need not reach Defendant's remaining arguments.